Buck et al. *v.* Smith, impleaded.

Pleading — *in an action upon a promissory note*, executed in the firm name, a verified plea denying its execution, puts the partnership in issue.

Practice — *introducing testimony*. And, in such case, the plaintiff may show distinct facts by different witnesses, to sustain his action — he cannot be required to make out his entire case by one witness.

Evidence of a partnership — *erroneously excluded*. The plaintiff had shown that Smith, as a member of a firm, executed, in the firm name, the note in suit, in settlement of an account due from the firm to the plaintiff; and then the plaintiff offered in evidence the testimony of B., to show that when the account was made Smith was a member of the firm, which testimony was excluded. *Held*, that the testimony of B. was material, and should have been permitted to go to the jury.

*Error to District Court, Arapahoe County.*

This cause was tried before a jury in the court below. The material facts are contained in the opinion.

Messrs. Browne & Putnam, for plaintiffs in error.

Messrs. Sayre & Wright, for defendant in error.

Belford, J. This was an action on a promissory note, executed by John A. Nye & Co., to the appellants; D. T.

Smith, who was sued as a member of the firm of Nye & Co., filed a plea of *non est factum* verified, which put in issue the partnership.

On the trial, the plaintiffs, to show that Smith was a member of the firm, offered in evidence the deposition of Henry F. Brinkencamp, which the defendant, Smith, objected to, because of irrelevance, and for the further reason, that the testimony of witness was mere hearsay. The court sustained these objections, and excluded the deposition, and this is assigned for error. We think the objections to the deposition not well taken. The evidence shows that the note sued on was given in settlement of account, which account was for stoves and hollow-ware, etc., sold by plaintiffs to Nye & Co. Brinkencamp, it is true, swears that he did not know what transpired at the time this note was executed, but he swears positively that at the time the goods were bought, which constituted the consideration for the note, Smith was a member of the firm of Nye & Co. A party is not required to make out his entire case by one witness. One fact may be established by one person, and another by a different witness.

Wright, one of the plaintiffs, testifies that he was on his way to John A. Nye's place of business, with a view to obtain payment of the account, or procure the note of the firm, and met Smith at Lawrence; Smith informed him that he would save him the trouble of calling on Nye, that he could give the note, and he accordingly executed the same. He further states, that Smith afterward promised to pay it if time was given. Now, coupling the fact that Smith was a member of the firm when the goods were bought, as Brinkencamp testifies, with the fact that he made the note in the firm name, and the evidence of Brinkencamp becomes quite material and important.

The court should have overruled the objections, and permitted the deposition to be read.

Judgment reversed and cause remanded.

*Reversed.*